UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 APR 26 P 1:16
U.S. DISTRICT COURT
BRIDGEPORT, CONN

BOBBY GUTIERREZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent.

Crim No. 3:02cr27(AHN)
Civil No.3:03CV1622(AHN

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255**

In this habeas corpus petition under 28 U.S.C. § 2255 petitioner Bobby Gutierrez ("Gutierrez") seeks to vacate, set aside, and/or correct the sentence that was imposed by the court after he pleaded guilty to knowingly and intentionally possessing with intent to distribute and distributing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c)and received a term of imprisonment of 151 months and three years of supervised release. For the reasons set forth below, Gutierrez's petition [dkt. # 25] is DENIED.

BACKGROUND

Prior to the commencement of the underlying criminal case, Gutierrez was convicted two times on state narcotics violations. He was first convicted on December 17, 1997, four days after his seventeenth birthday, after being arrested on March 29, 1996, when he was sixteen. He was sentenced to a six-year suspended term of imprisonment on

December 19, 1997. His second state conviction for a narcotics violation occurred a year later, on January 5, 1999. Thereafter, on February 5, 2002 Gutierrez was indicted in the underlying criminal case. On July 1, 2002, he pleaded guilty to one count of an eight-count indictment that charged several narcotics violations and two firearms offenses. As part of his plea agreement, the government dismissed the seven other counts and agreed not to seek a sentence enhancement pursuant to 21 U.S.C. § 851, for his prior state felony convictions. The government's agreement to do so was a substantial benefit to Gutierrez because it directly affected his adjusted offense level under the Career Offender Guidelines. See Gov. Ex. 3 at 6. The plea agreement also stipulated that Gutierrez qualified as a career offender as a result of his 1997 and 1999 state court convictions, and that his applicable Sentencing Guideline range was between 151 and 188 months imprisonment. See id. at 4-5. As a condition of the plea agreement, Gutierrez waived his right to appeal so long as he received a sentence within or below the stipulated Guideline range. See id. On September 19, 2002, Gutierrez was sentenced to a term of imprisonment of 151 months, three years of supervised release, and a $100 special assessment.

DISCUSSION

In this habeas petition Gutierrez claims that he was denied his Sixth Amendment right to effective assistance of counsel and thus the waiver provision in the plea agreement by which he waived his appellate rights is constitutionally unenforceable. Specifically, he alleges that his counsel incorrectly advised him that because of his prior state court convictions he qualified as a career offender under the Sentencing Guidelines and because of that erroneous advice from his incompetent counsel he pleaded guilty. Thus, he asserts that both the waiver of his appellate rights and his plea agreement are unenforceable. Gutierrez's claims are without merit.

A. Waiver of Right to Appeal

Even if the court assumed that Gutierrez's counsel was ineffective for giving him erroneous advice and that the court incorrectly applied the Guidelines, his claim is nothing other than a collateral attack on his sentence. Such an attack, disguised as a Sixth Amendment ineffective assistance of counsel claim, will not pierce a bargained-for agreement which the record shows Gutierrez entered into knowingly and intelligently.

It is well established in the Second Circuit that a voluntary and knowing waiver of a right to appeal is enforceable. See United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998); United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam). It is equally well established that a plea agreement entered into without effective assistance of counsel is unenforceable. See Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107; United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997); United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996). "The rationale is that 'the very product of the alleged ineffectiveness' cannot fairly be used to bar a claim of ineffective assistance of counsel." Herandez, 242 F.3d at 114 (quoting Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)). Further, waivers of appellate rights are applied narrowly and "construed strictly against the Government." Id. at 113 (internal citations omitted). This does not mean, however, that by merely raising an ineffective counsel claim, a defendant can escape an agreement that he knowingly and voluntarily entered. To do so would "render the plea bargaining process and the resulting agreement meaningless," Salcido-Contreras,

990 F.2d at 53, and would significantly reduce, if not eviscerate, the incentive for the government to enter into plea agreements.  See Djelevic, 161 F.3d at 107 (noting that a waiver of appellate rights "is a very important part of the agreement--the Government's motivating purpose, decreased effort and expense of protracted litigation is not well-met if the defendant is permitted to appeal that to which he has agreed."(quoting United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997))).

Here, in the plea agreement between Gutierrez and the government, both parties agreed not to appeal if the court imposed a sentence between 151 and 188 months.  See Gov. Ex. 3 at 6.  The plea agreement states that Gutierrez "expressly acknowledges that he is waiving his appellate rights knowingly and intelligently."  Id.  Moreover, Gutierrez agreed not to appeal his sentence even if the court reached a sentencing range within the agreed-upon range by a Guideline analysis different from that specified in the plea agreement.  See id. at 6.  In addition, the plea agreement contained a stipulation that Gutierrez qualified as a career offender pursuant to U.S.S.G. § 2B1.1.  See id. at 4-6.

At his plea allocution, Gutierrez again stated that he was knowingly waiving his right to appeal[1] and, in response to the court's inquiries as to whether he had discussed the possible punishment with his attorney and whether he understood the Guidelines and how they applied in his case, Gutierrez answered affirmatively.[2] Gutierrez also told the court that he understood that the Guideline range specified in the plea agreement was an estimate and that the court was not bound by it.[3]

---

[1] The Court: You-- You're agreeing, Mr. Gutierrez, that if you receive a sentence within the guideline range; that is, 151 to 188 months, you're waiving your right to appeal. Do you understand that?

Mr. Gutierrez: Yes.

The Court: If you're sentenced to a sentence that exceeds 188 months, then you're reserving your right to appeal. Is that your understanding?

Mr. Gutierrez: Yes, sir.

The Court: Also, if the sentence you receive is greater than what you expected to receive, you cannot, at that time, seek to withdraw your guilty plea, you're bound by the guilty plea you enter today. You understand that?

Mr. Gutierrez: Yes, sir.

Gov. Ex. 5 at 11.

[2] The Court: And have you talked to Ms. Chambers (defendant's lawyer) about what the possible punishment might be in this case?

Mr. Gutierrez: Yes, I have.

The Court: Ms. Chambers, perhaps you should put on the record, just briefly, what conversations you've had with your client concerning the guidelines here, and how they apply in this case.

Ms. Chambers: Your Honor, with respect to Count Five, Mr. Gutierrez and I have discussed the fact that he is a career offender, that count carries a maximum penalty of 20 years, and so the career offender guidelines for that count would be 151 to 188 months…

The Court: All right. You understand that, Mr. Gutierrez?

Mr. Gutierrez: Yes, I do.

Gov. Ex. 5 at 8-9

[3] The Court: And you understand also that no one can tell you definitely what kind of a sentence you'll receive until the time of sentencing, after the presentence report is prepared and reviewed by all counsel? You understand that?

Mr. Gutierrez: Yes.

The Court: And that what Ms. Chambers has told you with respect to the range of the sentence is her best estimate. You understand that?

Despite Gutierrez's assurances that he understood how the Guidelines were to be applied and that the court could apply a different analysis than the one contained in his plea agreement, Gutierrez now contends that he did not knowingly enter his guilty plea because his counsel misinformed him as to how the Guidelines would be applied. In so arguing, he is essentially cloaking an attack on the application of the Sentencing Guidelines in Sixth Amendment garb. To allow such a maneuver would render Gutierrez's knowing and voluntary waiver feckless, and will not be permitted. Gutierrez signed an agreement and stated under oath at his plea allocution that he understood that (1) he was waiving his right to appeal his sentence; (2) his counsel's evaluation of the Guidelines was an estimate; and (3) the court could apply a different analysis which he could not appeal as long as it fell within or below the agreed upon range. The court "is entitled to accept a defendant's statements under oath at a plea allocution as true." United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). There can be no doubt that Gutierrez knowingly and voluntarily waived his right to appeal so long as he

---

Mr. Gutierrez: Yes.
Gov. Ex. 5 at 9.

received a sentence within or below the agreed-upon range. He received a sentence within that range and his waiver is thus enforceable. See Hernandez, 242 F.3d at 114. Because the constitutionality of Gutierrez's plea process passes muster, his waiver bars the court from considering any claim that falls within its scope, including the claim that the Guidelines were incorrectly applied. See id.

B. Ineffective Assistance of Counsel/Calculation of Career Offender Status

There is also no merit to Gutierrez's claim of ineffective assistance of counsel. Habeas petitions raising ineffective assistance of counsel claims are reviewed under the two-prong Strickland test. See Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance was deficient -- that "counsel's representation fell below an objective standard of reasonableness. . . under prevailing professional norms." Id. at 688. Second, he must demonstrate that, but for counsel's deficient performance, the result would have been different. See id. at 694.

Neither of Gutierrez's two arguments supporting his claim that he should not have been classified as a career criminal under the Sentencing Guidelines are meritorious.

Specifically, there is no merit to his claim that his first conviction does not count towards career criminal status because he was a minor and that offense occurred more than five years prior to his current conviction. And there is similarly no merit to his claim that because he received a suspended sentence for his first conviction, that conviction also cannot be counted toward classification as a career criminal. Thus, there is no basis for Gutierrez's assertion that his counsel's failure to advise of him of these facts was unreasonable and "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690.

Contrary to Gutierrez's flawed argument, even though he was a minor when he was first convicted in state court, that conviction would still count toward career criminal classification if the conviction was classified as an adult conviction,[4] was for a controlled substance offense,[5] and he was sentence for that offense within five years of the commencement of the current offense. See U.S.S.G. § 4A1.1

[4] "A conviction for an offense committed prior to the age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (e.g. a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult)." U.S.S.G. § 4B1.2 appl. n. 1.

[5] Defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance." U.S.S.G. § 4B1.1.

appl. n.3. Thus, Gutierrez's first arrest and conviction in December 1997, on a controlled substance offense counts as a prior felony for the purpose of determining career criminal status because (1) it was classified as an adult conviction, see Gov Ex. 6 (copy of Judgment of Conviction showing Gutierrez was proceeded against as an adult on a controlled substance offense), and (2) Gutierrez "commenced" the instant crime between October and December 2001,[6] which was within five years of the time he was sentenced for the first offense in December 1997. Accordingly, Gutierrez was properly classified as a career criminal,[7] and did not receive erroneous advice on this issue from his counsel. His claim of ineffective assistance of counsel is therefore baseless. Cf. Collier v. United States, 92 F. Supp.2d 99, 106-07 (2d Cir. 2000) ("Because Petitioner fails to provide

[6] See Gov. Ex. 3 at 10 (plea agreement in which defendant admitted that "[b]etween approximately October 2001 and December 2001, [he] possessed with intent to distribute and distributed approximately 22.69 (net) grams of cocaine base, also known as crack cocaine.").

[7] Gutierrez's claim that his counsel erroneously advised him that he qualified as a career offender is incorrectly based on his mistaken belief that more than five years elapsed between his first offense as a minor and the instant conviction. Gutierrez incorrectly calculated the five-year period as beginning on the date of his first arrest, March 1996, and ending on either the date he entered his guilty plea in this action, July 2002, or the date he was sentenced, September 19, 2002. The correct dates are December 1997, the date he was sentenced for the first controlled substance offense and October or December 2001, the commencement of the current offense. Thus, because Gutierrez's first sentence as a minor occurred within three years of the commencement of the current offense, he was correctly advised by his counsel that he would be classified as a career offender. See U.S.S.G. §§ 4B1.1, 4B1.2 appl. n.1, 4B1.2(c), 4A1.1 appl. n.3.

*any* specific information to rebut the Government's position that these prior convictions were properly counted in determining that Petitioner should be sentenced as a career offender, Petitioner's ineffective assistance of counsel claim on that ground must fail.").

Likewise, there is no merit to Gutierrez's claim that the first conviction should not count towards career criminal classification because he received a suspended sentence. Under the Guidelines, a totally suspended sentence still counts as a prior felony conviction for the purpose of determining a career criminal status. See U.S.S.G. § 4A1.2(a)(3) ("A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)").

CONCLUSION

Gutierrez knowingly and intentionally waived his right to appeal any sentence he received so long as it was within the range of 151 to 188 months. He received a sentence of 151 months. His waiver was not the result of ineffective assistance of counsel. His counsel did not give him erroneous advice as to his classification as a career

criminal offender. For these reasons Gutierrez's petition for a writ of habeas corpus [dkt. # 25] is DENIED.

SO ORDERED this 22nd day of April, 2005 at Bridgeport, Connecticut.

Alan H. Nevas
United States District Judge