```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA  :
                          :
                          :
v.                        :    Crim. No.3:02CR27(AHN)
                          :    Civil No. 3:03CV1622(AHN)
                          :
BOBBY GUTIERREZ           :    January 20, 2006
```

## **GOVERNMENT'S RESPONSE**

On February 5, 2003, a federal grand jury sitting in Bridgeport returned an eight-count Indictment against Bobby Gutierrez (the "defendant").  (See Gov't Ex. 1 (copy of Indictment).)[1]  On July 1, 2002, the defendant pleaded guilty to Count Five of the Indictment, which alleged that he knowingly possessed with the intent to distribute and distributed cocaine base in violation of 21 U.S.C. § 841(a)(1).  (See Gov't Ex. 2 (copy of docket sheet) & Gov't Ex. 3 (copy of plea agreement letter).)  On September 19, 2002, the Court sentenced the defendant to a term of imprisonment of 151 months, three years of supervised release after the defendant's discharge from imprisonment, and a $100 special assessment.  (See Gov't Ex. 4 (copy of Judgment of Conviction).)

On September 22, 2003, the defendant filed a section 2255 petition.  On December 29, 2003, the Government filed its

---

[1]  This memorandum adopts Exhibits 1, 3, and 4 attached to the Government's Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence dated December 29, 2003.

response. On April 26, 2005, the Court denied the defendant's petition. (See Gov't Ex. 5(copy of court's ruling).)

On January 10, 2006, the defendant filed a "memorandum" raising new grounds attacking his guilty plea and sentence. The Government construes the defendant's "memorandum" as a second petition and files this memorandum in opposition to the defendant's second section 2255 petition.

First, the defendant has not obtained permission to file a second petition. It thus should be dismissed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements. See Fed. R. App. Proc. 22(b)(1); 28 U.S.C. §§ 2253(c)(1)(B); Whab v. United States 408 F.3d 116, 118 (2nd Cir. 2005). "It is clear that for a petition to be "second or successive" within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of "a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose." Ching v. United States 298 F.3d 174,177 (2nd Cir. 2002)(citing Littlejohn v. Artuz, 271 F.3d 360, 363 (2nd Cir. 2001)). Furthermore, "before a motion or petition can be regarded as successive, there must be some prior

adjudication on the merits or a dismissal with prejudice. See Littlejohn 271 F.3d at 363. "The AEDPA ensures every prisoner *one* full opportunity to seek collateral review." Ching, 298 F.3d at 177 (emphasis added).

Here, the defendant already filed a section 2255 motion. In it, he claimed that his plea was not knowing and voluntary and that his lawyer provided ineffective assistance by failing to challenge his designation as a Career Offender at sentencing. The district court denied the petition for two reasons: first, holding the defendant waived his right to collaterally challenge his conviction and sentence as a result of the waiver contained in his plea agreement and, second, holding that the defendant's lawyer did not render ineffective assistance. Accordingly, the present "memorandum" should be considered a second or successive motion under the AEDPA and the defendant should be required to seek permission from the Second Circuit to file it. Absent such permission, it should be dismissed.

Second, even if the court does not construe the defendant's "memorandum" as a second or successive section 2255 petition, the court has already held that the defendant waived his right to collaterally attack his conviction and sentence as part of his plea agreement. The defendant's "memorandum" thus should be dismissed.

Third, even if the court considers the merits of the

defendant's argument that he did not knowingly, intentionally, and voluntarily plead guilty, the court already found in its Ruling dated April 22, 2005 to the contrary. Consequently, this claim should be denied for the same reasons.

Fourth, to the extent that the defendant seeks relief pursuant to United States v. Booker, 125 S. Ct. 738 (2005), the Second Circuit has held that Booker does not apply retroactively to cases on collateral review where a defendant's conviction was final as of January 12, 2005, the date on which the Supreme Court issued Booker. See Guzman v. United States, 404 F.3d 139 (2d Cir.), cert. denied, 126 S. Ct. 731 (2005). Such is the case here.

"For purposes of section 2255, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Here, according to the docket sheet, the defendant's judgment of conviction was entered on September 19, 2002. The defendant thus had ten days within which to file a notice of appeal, see Fed. R. App. Proc. 4(b)(1)(A), or until September 29, 2002. He did not do so. Because the defendant's conviction was final on that date, he may not collaterally challenge his sentence. See id.; Waksal v. United States of America, 2005 WL 2766785, at *1 (S.D.N.Y. Oct. 26, 2005).

In conclusion, the Government respectfully requests that the Court summarily dismiss the defendant's second "memorandum."

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    JAMES J. FINNERTY
    ASSISTANT UNITED STATES ATTORNEY
    United States Attorney's Office
    United States Courthouse
    915 Lafayette Boulevard
    Bridgeport, CT 06604
    Tel: (203) 696-3000
    Federal Bar No. CT15203

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was forwarded via U.S. Mail, First Class, postage prepaid, on this 20th day of January 2006 to:

Mr. Bobby Gutierrez
Inmate No. 14560-014
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

    JAMES J. FINNERTY
    ASSISTANT UNITED STATES ATTORNEY