IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**FEB 10 2006**

Bobby Gutierrez,
    Petitioner,

2006 MAR -2 P 2:35 Crim No. 3:02 CR27(AHN)

U.S. DI   Civil No. 3:03 CV1622(AHN)
BRIDG

vs.


UNITED STATES OF AMERICA,
        Respondent.


MOTION IN RESPONSE TO THE GOVERNMENTS
RESPONSE TO PETITIONER'S §2255 6-3 UNDER
GUIDELINE CLARIFYING AMENDMENT THAT IS
NECESSARILY RETROACTIVE.


    Comes now the Petitioner Bobby Gutierrez in response to the justice depts. rule breaking response that was not ordered under rule 4 of the rules governing §2255 proceedings to show cause the are stated within.

    (1) Due to the response by the justice dept. the Petitioner for the first time found out that his §2255 filed on September 22, 2003 was denied.

    The Court nor the Clerk sent the Petitioner a copy of the denial order.

    (2) The Petitioner asserts that the act amended under 104 of the act plainly states under 3 that the one year time frame begins to run from the latest of these. When the Supreme Court recognizes a newly asserted right that is made retroactive.

    The Petitioner only has one year to file his motion under this savings clause. The clarifying amendment to the guidelines has necessarily made Booker's remedial rule retroactive. Therefore

the Petitioner is properly before the court.

(3) The Petitioner asserts that the AUSA's assertions are disingeneuous at best because there were two rulings in <u>Booker</u>, one 5-4 majority then the remedial that made the clarifying amendment retroactive. The assertion is in the instant §2255 6-3 and must be addressed by the AUSA and the court.

(4) The Petitioner asserts that all of his issues come under the remedial rule and must be address by the court and AUSA. The justice dept's illegal response under rule 4 without the court ordering to show cause should be dismissed. This is not justice or fair under the advisarial process.

(5) The Petitioner honestly believes that under <u>Johnson v. Zerbst</u>, 304 U.S. 458, 468 58 S.Ct. 1019 (1938) that his plea was not knowing and intelligent and that mere acquiescence to a prosecutors proffer is not a knowing and intelligent waiver or abandonment of a know constitutional right or a stipulation to a more serious offense.

(6) The Petitioner deserves the right for his Petition that is properly before the court under 2255 6-3 to be heard and given the benefit under the remedial rules guideline clarifying amendment to be ajudged properly not end run tactics this is not the advisarial process founded under the United States Constitution.

CONCLUSION

The Petitioner respectfully submits that the Honorable Court should deny the justice dept's response (1) for being totally out of the realm of rule 4 governing §2255 6-3 (2) because the Petitioner is properly before the court under 6-3 and (3) because the response does not address the clarifying amendment under the remedial rule and (4) there should be no probable cause for the justice dept. to

2

appeal the courts decision to let the advisarial process take its place under rule 4 and 5 of the rules governing §2255 6-3.

Done this    day of February 2006 at FCI Fort Dix.

Respectfully Submitted

/s/ Bobby Burns                2/27/06

Bobby Gutierrez

## CERTIFICATE OF SERVICE

I Bobby Gutierrez do hereby certify that the original plus 2 copies of motion in objection to the justice dept's unordered response was sent to the clerks office upon the address of U.S. District Court, U.S. Courthouse, 915 Layfayette Boulevard Bridgeport, CT 06604 also a copy was sent to the U.S. Attorneys office upon the address of 915 Layfayette Boulevard, Bridgeport, CT 06604, by U.S. First Class Mail, this    day of February 2006.

/s/ Bobby Burns                2/27/06

Bobby Gutierrez