```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

BOBBY GUTIERREZ,                   :
        Petitioner,                :
                                   :    Crim. No. 3:02cr27 (AHN)
v.                                 :    Civ. No. 3:03cv1622 (AHN)
                                   :
UNITED STATES OF AMERICA,          :
        Respondent.                :
```

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

On July 1, 2002, Bobby Gutierrez ("Gutierrez") pleaded guilty to possession of cocaine base with intent to distribute. The court sentenced him to a term of 151-months imprisonment. Thereafter Gutierrez petitioned for a writ of habeas corpus [doc # 25], pursuant to 28 U.S.C. § 2255, alleging that his attorney had provided ineffective assistance of counsel in permitting him to waive his right to appeal and in failing to challenge his criminal history determination as part of the sentencing.  The court denied [doc # 39] the petition on April 26, 2005.

Gutierrez, who did not receive a copy of the ruling for eight months, thought the petition was still pending, and on January 10, 2006, he filed a "Memorandum of Law and Fact in Support of Motion Pursuant to 28 U.S.C. § 2255 6-3 [doc # 40]." In his memorandum, he raises the additional arguments that his sentence violated the Sixth Amendment and United States v. Booker, 543 U.S. 220 (2005), because it was enhanced on the basis

of facts to which he stipulated, not facts found by a jury.  The court construes this "Memorandum of Law" as a separate petition for a writ of habeas corpus and dismisses it as an impermissible petition that was filed without authorization of the Second Circuit as required by 28 U.S.C. § 2244(b).

Nonetheless, even if Gutierrez's petition were properly before the court, it would fail as a substantive matter.  First, the court already determined in its ruling on his § 2255 petition that Gutierrez made a knowing and intelligent waiver of his appellate rights.  Second, Gutierrez cannot avail himself of Booker.  In Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), the Second Circuit held that Booker did not establish either a substantive rule or a "watershed rule" of procedure.  See id. at 142-43.  The court thus concluded that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."  See id. at 144.  Gutierrez's conviction became final on October 3, 2002.  See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Fed. R. Civ. P. 6(a).  Thus, Gutierrez's Sixth Amendment claim under Booker is without merit because Booker is

not retroactive.

So ordered this 9th day of March, 2006, at Bridgeport, Connecticut.

_____/s/_____

Alan H. Nevas,
United States District Judge