IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BOBBY GUTIERREZ,

      Defendant-Petitioner,

                              Criminal No.3:02CR27(AHN)
      vs.                   Civil No.3:03CV1622(AHN)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.
_____/

## MOTION FOR MODIFICATION OF SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

**COMES NOW**, the Petitioner Bobby Gutierrez ("Gutierrez"), and proceeding pro se, respectfully petition this Honorable Court pursuant to Title 18 U.S.C. § 3582(c)(2) for a reduction of his prison sentence in the above criminal matter.

Gutierrez makes this request in light of Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.), which reduced the sentencing ranges for cases involving crack cocaine. (See, 72 FR 28557 (May 21, 2007).

I.        **BACKGROUND**

On February 5, 2002, an eight-count Indictment was filed against Gutierrez in the United States District Court for the District of Connecticut. Counts 1,2,3,4,6,7 and 8 were subsequently dismissed against Gutierrez pursuant to a plea

1

agreement.

On July 1, 2002, Gutierrez pled guilty to Count Five of the Indictment, which charged that he knowingly and intentionally possessed with intent to distribute and distributing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

At sentencing, this Court, after reviewing the Presenence Report (PSR) and objections submitted thereto, found by a preponderance of the evidence and pursuant to U.S.S.G. § 4B1.1 (C) of the Sentencing Guidelines that Gutierrez's offense level is 32 before adjusting 3 points for acceptance of responsibility pursuant to § 3E1.1(b)(2).

Based on a Criminal History Category of VI and an adjusted offense level of 29 which yield a guideline range of 151 to 188 months, the Court sentenced Gutierrez to 151 months imprisonment, to be followed by 3 years of supervised release.

Gutierrez petitioned this Court for post-conviction relief in a motion pursuant to 28 U.S.C § 2255, which was filed on September 22, 2003.  The Court subsequently denied this motion.

II.     **ARGUMENT IN SUPPORT OF GUTIERREZ'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2).**

PART A.  **Amendment 706, 18 U.S.C. § 3582(c)(2), and 18 U.S.C. § 3553(a) Factors.**

In May of 2007, the United States Sentencing Commission issued a report to the United States Congress in which it "again unanimously and firmly urge[d] Congress to act promptly" by "decreasing[] substantially" the 100-to-1 ratio in the Guideline

2

base offense levels and drug quantity table that establish sentencing ranges for crack cocaine and powder cocaine quantities. (See, U.S. Sentencing Commission Special Report to Congress: Cocaine and Federal Sentencing Policy 8 (2007)); (see also 2002 Report at viii). After commenting that "the problems associated with the 100-to-1 drug quantity ratio ... are [] urgent and compelling," the Commission submitted an amendment to Congress (Amendment 706) that, as of November 1, 2007, adjust crack quantities downward by two levels. (2007 Report at 9). Accordingly, the amendment assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties for cocaine base ("crack").

Based on the changes brought about by Amendment 706, coupled with the retroactivity designation of Amendment 706 under USSG § 1B1.10(b), which was issued by the Sentencing Commission on December 11, 2007, federal inmates such as Gutierrez whose prison sentences are based on crack penalties may petition the sentencing court pursuant to 18 U.S.C. § 3582(c)(2) to seek the two-level reduction authorized by Amendment 706.

Title 18 U.S.C. Section 3582(c)(2) provides that the sentencing court may not modify a term of imprisonment once it has been imposed except that:

> in the case of a defendant who has been
> sentenced to a term of imprisonment based
> on a sentencing range that has subsequently
> been lowered by the Sentencing Commission
> pursuant to 28 U.S.C. § 994(o), ... the
> court may reduce the term of imprisonment,
> after considering the factors set forth in

3

> section 3553(a) to the extent that they
> are applicable, if such a reduction is
> consistent with applicable policy statements
> issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Prior to the issuance of Amendment 706, the Sentencing
Commission has repeatedly criticized the 100-to-1 ratio
disparity in sentencing between crack and powder cocaine, and
has been instrumental in pushing for changes that would
dismantle the disparity, as can be gleaned from the slew of
reports and policy statements the Commission has issued over
the years discrediting crack cocaine sentencing.  The passage
of Amendment 706 is yet another step by the Commission towards
instituting changes intended to achieve a level of parity and
fairness in sentencing involving crack cocaine offenses.
Listing Amemdment 706 in § 1B1.10(c) reflects policy
determination by the Commission that a reduced guideline
range is sufficient to achieve the purpose of sentencing and
that, in the sound discretion of the court, a reduction in the
term of imprisonment is appropriate for previously sentenced
defendants. (See, USSG § 1B1.10, Background).

As the Commission explained in reports dating back to 1995,
the 100-to-1 ratio disparity between crack and powder cocaine
is unwarranted, unjust, it undermines the objectives of the
Sentencing Reform Act, and it creates a racially
disproportionate impact. (See, U.S. Sentencing Commission
Report to Congress: Cocaine and Federal Sentencing Policy
(2002) ("[T]he Commission firmly and unanimously believes that
the current federal cocaine sentencing policy is unjustified

and fails to meet the sentencing objectives set forth by
Congress in both the Sentencing Reform Act [of 1984] and the
[Anti-Drug Abuse] Act.") (2002 Report).  Just as how the
Commission acknowledged the importance of eliminating the
weighing of LSD carrier medium, it has also acknowledged the
need and the importance of correcting the disparity between
crack and powder cocaine.

As it stands, the present change in the Guidelines
effectuated by Amendment 706 presents unique questions
surrounding the extent of reduction in sentence the district
court may lawfully impose in exercising its discretion within
the framework of the post-Booker sentencing regime.  As this
Court is well aware, the United States Supreme Court, in the
consolidated cases of United States v. Booker and United States
v. Fanfan, 125 S.Ct. 738 (2005), ruled that the language in the
Sentencing Reform Act making the Sentencing Guidelines mandatory
was to be stricken.  The Guidelines thus, in the words of the
Court, became "effectively advisory" in all cases. Id., at 757.
The Guidelines are now just one factor among several that
sentencing courts are required to consider in imposing a
prison sentence that is "sufficient but not greater than
necessary" to achieve the purposes of sentencing set forth in
18 U.S.C. § 3553(a)(2).

In today's post-Booker sentencing regime, at sentencing
district courts are required first to correctly identify the
applicable guideline range.  Secondly, the court is then
required to consider the factors set forth in 18 U.S.C. §

5

3553(a). According to section 3553(a)(2), the four purposes of
sentencing are retribution, deterrence, incapacitation, and
rehabilitation. In determining the sentence minimally
sufficient to comply with the Section 3553(a)(2) purposes of
sentencing, the court must consider several factors listed in
§ 3553(a). These factors are:

> (1) "the nature and circumstances of the offense,
> and history and characteristics of the
> defendant";
>
> (2) "the kinds of sentencing available";
>
> (3) "the guidelines and policy statements issued
> by the Sentencing Commission, including the
> (now non-mandatory) guideline range";
>
> (4) "the need to avoid unwarranted sentencing
> disparity"; and
>
> (5) "the need to provide restitution where
> applicable."

See, 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

Thus, in light of Amendment 706, if this Court finds that
the sentence previously imposed upon Gutierrez is greater than
necessary to comply with the purposes of sentencing, § 3553(a)
provides the Cout with the authority to exercise its discretion
in imposing a more lenient prison sentence.

Post-Booker precedent instructs district courts to, inter
alia, "exercise[] [their] discretion by considering the relevant
[§ 3553(a)] factors" in setting the sentence they impose
regardless whether it varies from the sentence calculated under
the Guidelines. See, United States v. King, 454 F.3d 187 (3rd
Cir. 2006), quoting United States v. Cooper, 437 F.3d 324, 329

(3rd Cir. 2006).  Likewise, as stated above, section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), ... the court may reduce the term of imprisonment, <u>after considering the factors set forth in section 3553(a) to the extent that they are applicable</u>..." See, § 3582(c)(2) (emphasis added).

In <u>United States v. Gunter</u>, the Third Circuit held that by not considering the factors set forth in the relevant § 3553(a) factors, this "implicates the second type of <u>Booker</u> error," i.e., the non-constitutional error. <u>Gunter</u>, 462 F.3d at 248. Even though it is now clear that the current modification to the Guidelines may be applied in individual cases upon submission of a motion filed under § 3582(c)(2), the modification brought about by Amendment 706 mandates that the § 3553(a) factors are considered when deciding whether to modify a previously imposed sentence based on an amendment to the Guidelines. See, <u>United States v. Williams</u>, 456 F.3d 1354, 1369 (11th Cir. 2006) ("It may be that for some of the reasons stated in the Sentencing Commission's reports, the Guidelines range in a given crack case overstates the seriousness of the particular defendant's offense or that individualized mitigating factors counsel against a Guidelines sentence.").

**PART B.  Title 18 U.S.C. § 3553(a), the Advisory Guidelines Sentencing Scheme, and Amendment 706**

On September 19, 2002, this Court sentenced Gutierrez to 12½

7

years incarceration.  He was 22 years old at the time.  Now that Gutierrez has been presented with the opportunity to petition this Court for a reduction in his prison sentence, he respectfully makes the request with the sincerest of intentions.

To begin with, it is not Gutierrez's intention to offer any excuses for his decision to engage in illicit drug distribution; instead, he hopes to convey his sincere apology and regret for the damage that he has caused not only in his own life but also in the lives of his family and the well-being of the community that his pernicious actions affected.

Throughout his time in confinement, Gutierrez has been doing what is necessary to bring positive experiences into his life by participating in programs that offers opportunities for him to become a better and productive person.  Among his accomplishments, Gutierrez acquired a GED (an accomplishment which holds a special meaning to him), and is currently participating in a vocational carpentry course offered at the prison in an effort to develop skills that he will be able to rely on later on in life. (See, Attachment "A").

Moreover, Gutierrez has received commendations from his supervisor, and above-average evaluation ratings from his Unit Team based on his conduct within the prison.  All in all, Gutierrez is doing things that are necessary to ensure that crime will no longer be a part of his life upon his release from prison.  Although it has taken Gutierrez some time to finally understand the real impact and consequences that his actions have imparted upon the community and his family, he has

8

since used the lesson as a cogent for change, and now looks
forward for the opportunity to become a part of the solution of
keeping our children away from drugs. Gutierrez has children
of his own who will be counting on him to provide guidance and
support in navigating the labyrinthine terrain of an often
unforgiving and unmerciful world. Because involvement is a key
ingredient in developing young minds and encouraging them to
seek out positive experiences that will enable them to build
character, Gutierrez understands that the lessons he has learned
throughout his time in prison will serve his children and his
community well.

The majority of Gutierrez's previous involvement with
illegal drugs stemmed from his drug addiction where he sometimes
sold drugs simply to support his drug habit and pay his bills
when he had fallen behind. Gutierrez was not the type of drug
dealer who sought opulence and status from the trade. His
problem rests with the fact that he needed treatment to combat
the demons of his drug addiction.

Equally mitigating is the fact that Gutierrez sought and
held employment at a young age. Indeed, Gutierrez attempted to
create opportunities in life for himself, his fiancee and his
child when he made the decision to pursue an honest living over
the waywardness of the streets. Behavior such as this is not
indicative of someone who has made crime a way of life.

It is true that Gutierrez has had some chances in life. But
it is also true that he has had a troubled past, and that as an
adolescent, particular the type faced with the troubled

circumstances that he has had to contend with, the ability to reason and make sound decisions at that stage is far less likely to manifest than when the individual has matured through experience and age.  In other words, many of the poor decisions Gutierrez made was a result of his limited knowledge of his environment and his role in it.

In relying on Gutierrez's past, this Court sentenced him as a career offender.  Because Gutierrez's prior offenses were close in time, and because his prior drug conviction involved a relatively small amount of drug, these offenses constituted an aberration in Gutierrez's history rather than making a conclusive statement as to his proclivity to commit crime or deal drugs.  The career offender section, as this Court is aware, was directed at recidivists who have demonstrated that they will make no effort to live a law-abiding life and who have no intention of making an honest living.  Gutierrez does not fit this mold.

A proper analysis of Gutierrez's characteristics, the nature of the offense for which he was charged, and the potential range of sentences available to the Court indicates that an appropriate sentence can be fashioned that is below the guideline range of 151 to 188 months previously established in this case. See, United States v. Williams, 456 F.3d at 1369 ("It may be that for some of the reasons stated in the Sentencing Commission's report, the Guideline range in a given crack case overstates the seriousness of the particular defendant's offense or that individualized mitigating factors

10

counsel against a Guidelines sentence."). At Gutierrez's
sentencing hearing, this Court, finding that Gutierrez's
Criminal History Category is VI and his offense level 29, which
yielded a guideline range of 151 to 188 months, sentenced
Guiterrez to 151 months incarceration. Before imposing this
senence, the Court noted that, "Twelve and a half years is a
long time for somebody who's 22 years old. It's a long time for
anybody..." (See, Sentencing Tr. at 19); cf. Rita v. United
States, 127 S.Ct. 2465, 2468 (2007) (holding that district
courts may conclude that the guideline sentence fails to reflect
§ 3553(a) considerations, reflects an unsound judgment, does not
treat defendant characteristics in a proper way, or that a
different sentence is appropriate "regardless").

Indeed, twelve-and-a-half years in prison is a long time for
someone who is 22 years old and the fact that a large part of
his problem with illegal drugs stemmed from his drug addiction.
As such, based on recent changes in the law, this Court now has
the authority and the discretion to reduce Gutierrez's sentence
and impose a sentence that is "sufficient but not greater than
necessary to satisfy the purposes of sentencing" outlined in
the section 3553(a) factors.

As this Court is well aware, because Guiterrez was sentenced
before the Supreme Court's decision in United States v. Booker
and Rita v. United States, the section 3553(a) factors that are
now in play were not in play when he was originally sentenced.
Therefore, based on the present changes affecting the Guidelines
(i.e., Amendment 706), the Court may now impose a non-guidelines

11

sentence in this case, or simply depart two-levels as outlined
in Amendment 706. Cf. Williams, 456 F.3d at 1369.   In support of
this assertion, Gutierrez points to an observation made by the
district court for the District of Puerto Rico in United States
v. Forty Estremera, 498 F.Supp.2d 468 (D. Puerto Rico, 2007),
that "when [a district] court reconsiders [a] sentence pursuant
to § 3582(c)(2)---in a proceeding that occurs solely because
the Sentencing Commission lowered the applicable sentencing
range---the court ... ha[s] [the] discretion to impose a non-
guidelines sentence." Id., at 471, citing United States v. Hicks
472 F.3d 1167, 1171 (9th Cir. 2007); see also United States v.
Mateo-Espejo, 426 F.3d 508, 510 note 1 (1st Cir. 2005) (absent
an ex post facto problem, the district court must apply the
version of the Sentencing Guidelines in effect on the date of
resentencing); U.S.S.G. § 1B1.11(a) & (b)(2) (The court **shall**
use the Guidelines Manual in effect on the date that the
defendant is sentence[,] unless doing so violate the ex post
facto clause).

In the present case, Booker's advisory regime is the
"version of the Sentencing Guidelines [currently] in effect."
"These Guidelines ... include judicial interpretations by the
Supreme Court, of the 'constitutional requirement that creates
fundamental change' to the legal framework in question; a
requirement of such magnitude that it rendered the Guidelines
advisory only." Forty Estremera, 498 F.Supp.2d at 471,
referencing Booker, 543 U.S. at 248.   Therefore, at resentencing
the entire gamut of Booker's advisory regime and Sixth Amendment

12

interpretation are now available to the Court in fashioning a sentence that is reasonable and "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2); cf. Cirilo Munoz v. United States, 404 F.3d 527, 533, n.7 (1st Cir. 2005) (noting that several courts of appeals have said that the advisory guidelines regime is to be used after Booker in resentencing even when the remands for resentencing are not caused by Booker error); United States v. Reynolds, 111 F.3d 132 (6th Cir. 1997) (defendant eligible for § 3582(c)(2) resentencing is also eligible for reduction based on § 3553(f) because it applies "to all sentences that are imposed" after the statute's effective date).

At sentencing, Gutierrez was classified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines.  On the surface, this classification may appear to bar Gutierrez from benefiting from the change in the Guidelines brought about by Amendment 706.  However, nothing in the statutory language of § 3582(c)(2) requires that the guidelines amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence.  Rather, the statute requires that the defendant's sentence was "based on" a sentencing range that has subsequently been lowered. See, e.g., United States v. LaBonte, 70 F.3d 1396, 1412 (1st Cir. 1995) (rejecting government's argument that § 3582(c)(2) resentencing is inappropriate where defendant's original sentence falls within the amended guideline range because "we cannot be confident that, faced with a different range of

options, the district court's choice will remain the same").
All crack sentences were "based on" the crack guideline's
sentencing ranges because those ranges represented the starting
point of every sentencing pre- and post-Booker, even if the
defendant was ultimately sentenced under §§ 4B1.1 or 4B1.4.

Additionally, the Supreme Court recently said that "the
extent of the difference between a particular sentence and the
recommended Guidelines range is surely relevant" to a sentencing
decision. Gall v. United States, 128 S.Ct. 586, 591 (2007).
Given this relevance, this Court is free under § 3582(c)(2) to
consider the retroactive crack amendment in deciding whether the
advisory sentence under the career offender guideline is
"sufficient but not greater than necessary to satisfy the
purposes of sentencing."

In Gutierrez's case, his offense level after adjusting two
levels in light of Amendment 706 would be 27, which yields a
guideline range of 130 to 162 months imprisonment.  A
discretionary (non-guideline) prison sentence outside the
previously imposed guideline range of 151 to 188 months, or a
sentence at the low end of the new guideline range of 130 to 162
months would reflect the seriousness of the crime committed in
this case, protect the public, and offer deterrence.  Indeed, a
sentence other than the twelve-and-a-half year prison term
previously imposed in this case is "sufficient but not greater
than necessary" to achieve the purpose of sentencing set forth
in 18 U.S.C. § 3553(a).

14

III.    **CONCLUSION**

Based on the foregoing argument, Gutierrez respectfully ask this Honorable Court to reduce his current prison sentence of twelve and half years by imposing, (a) a non-guideline sentence; or (b) a sentence at the low-end of his new guideline range of 130 to 162 months in light of the recent changes to the Sentencing Guidelines effectuated by Amendment 706.

Respectfully submitted,

Dated: March 3ʳᵈ, 2008.

Bobby Gutierrez (pro se)
Federal Reg.# 14560-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) was sent via First Class mail on this 3rd day of March, 2008 to the following attorney for the government:

> Mr. James Finnerty
> Assistant U.S. Attorney
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

> Bobby Gutierrez (pro se)
> Federal Reg.#14560-014
> FCI McKean
> P.O. Box 8000
> Bradford, PA 16701

ATTACHMENT  "A"



Certificate

of

Completion

Let it be known that

Bobby Gutierrez

has satisfactorily completed

all required coursework for the FCI Ft. Dix

"Save Our Youth JUV Program.

November 12, 2003

R. Hood, Correctional Counselor

T. Simms, Correctional Counselor

# Certificate of Achievement

awarded to:

Gutierrez, Bobby

14560-014

## For Completion of the
### FCI McKean Drug Abuse Education Course

On this date, 05-29-2007

S. Eckert
Drug Treatment Specialist

Kent W. Cannon Psy.D.
DAP Coordinator

# Certificate

**Bobby Gutierrez**

has successfully completed the

*Lift Truck Safety Course*

Company Name: _F.C.I. McKean_

Company Representative: _Mr. Stephen E. Housler, Safety Mng._

Instructor: _Mr. Jason Tessena_

Type of Equipment: _Powered Industrial Truck_

Date of Completion: _February 02, 2007_







Internal Combustion Counterbalance, Pneumatic Tire


Internal Combustion Counterbalance, Cushion Tire


Tow Tractor


Low Lift Walkie/ Center Control


Low Lift Walkie/ Rider Pallet and End Control

Low Lift Walkie/ Center Control Rider Pallet and End control

Electric Motor Narrow Aisle Order Picker

Electric Motor Narrow Aisle Reach Truck

Electric Motor Counterbalance Rider, Cushion Tire, Sit down

# Maine High School Equivalency Diploma

## Maine Department of Education

*certifies that*

**BOBBY GUTIERREZ**

*has demonstrated general knowledge and educational development equivalent to that attained by high school graduates under standards approved by the State of Maine Department of Education and is hereby awarded this*

### STATE HIGH SCHOOL EQUIVALENCY DIPLOMA

*having the legal status of a high school diploma*

*Given at Augusta, Maine, this*   6th   *day of*   July, 2004   A.D.

Certificate Number

115401

_____
STATE ADMINISTRATOR, High School Equivalency Programs

_____
COMMISSIONER of EDUCATION

_____
GED CHIEF EXAMINER, Local Test Center



# GED℠ Official Transcript of GED Tests Results

Issued by
OFFICIAL GED TESTING CENTERS
of the
General Educational Development Testing Service of the American Council on Education

(For additional transcripts, contact the center below.)

**Candidate's Name**

Last: GUTIERREZ    First: BOBBY    Middle Initial:

Address: PO BOX 38 FCI FORT DIX EDUC DEPT EAST
FORT DIX, NJ 086400000

Phone Number:

Date of Birth: 12/15/1979    Social Security Number(if required): 047729822

Issue Date: 06/14/2004    Reported to: Maine

Test Format: EP

Examiner's Signature

Date 06/14/2004

Center Identification: Fort Dix FCI (East)
Center Identification No.: 9000330001
Phone Number:
Center Address: P.O. Box 4000
P.O. Box 4000
Fort Dix, NJ 8640

| | TEST DATE | TEST FORM | **STANDARD SCORE | PERCENTILE RANK |
|---|---|---|---|---|
| **Language Arts, Reading** | 04/06/2004 | IG | 540 | 66 |
| **Language Arts, Writing** | 05/18/2004 | IH | 490 | 46 |
| **Mathematics** | 04/06/2004 | IG | 480 | 42 |
| **Science** | 04/06/2004 | IG | 500 | 50 |
| **Social Studies** | 04/06/2004 | IG | 550 | 69 |
| Standard Score Total | | | 2560 | *PASS | NON-PASS |
| Battery Average | | | *512 | X |

*Pass or Non-Pass as determined by jurisdictional policy.

## INDIVIDUAL TEST STANDARD SCORE

800 Above

410 PASSING SCORE

200 Below

BATTERY PASSING SCORE

450 Above

200 Below

## TOTAL BATTERY

You have demonstrated the 21st century skills of:
- Communication
- Information processing
- Problem solving
- Higher order thinking skills

in the five tests areas (Reading, Writing, Mathematics, Science, and Social Studies) to perform effectively in the workplace or in higher education.

** Standard Score: The scores on this report are the highest scores achieved by the candidate and not necessarily the most recent. If retest scores are lower than scores previously achieved, the retest scores are not reported.

## Language Arts, Reading

Your score meets or exceeds the GED passing score requirement. You demonstrated essential reading skills in the following areas: comprehending, analyzing, evaluating, and synthesizing workplace and literary texts.

## Language Arts, Writing

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: using the elements of standard English to edit workplace and informational documents and to generate well-organized and developed written text.

## Mathematics

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding and interpreting mathematical concepts in algebra, data analysis, statistics, geometry, and number operations applied to visual and written text from academic and workplace contexts.

## Science

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying the concepts of life, earth and space sciences, physics, and chemistry to visual and written text from academic and workplace contexts.

## Social Studies

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying key history, geography, economics, and civics concepts and principles to visual and written text from academic and workplace contexts.

GED℠ Form 30-16/01

```
   MCK2L        *        INMATE EDUCATION DATA         *      02-27-2008
   PAGE 001 OF 001 *            TRANSCRIPT             *      11:53:07

   REGISTER NO: 14560-014    NAME..: GUTIERREZ            FUNC: PRT
   FORMAT.....: TRANSCRIPT   RSP OF: MCK-MCKEAN FCI

   ------------------------- EDUCATION INFORMATION -------------------------
   FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP DATE/TIME
   MCK  ESL HAS    ENGLISH PROFICIENT           01-28-2003 0001 CURRENT
   MCK  GED EARNED GED EARNED IN BOP            06-24-2004 0843 CURRENT

   -------------------------- EDUCATION COURSES --------------------------
   SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV  HRS
   MCK        BLDG TRADES 1 12:30-3:30,M-F 06-19-2007 CURRENT
   FTD GP     GED E ADV RM217 M-F 1230-1400 02-19-2003 06-24-2004  P  C  P   485

   -------------------------- HIGH TEST SCORES --------------------------
   TEST    SUBTEST        SCORE     TEST DATE     TEST FACL   FORM    STATE
   ABLE    LANGUAGE        4.0     02-11-2003       FTD        E
           NUMBER OPR      5.6     02-11-2003       FTD        E
           PROB SOLV       9.4     02-11-2003       FTD        E
           READ COMP      10.9     02-11-2003       FTD        E
           SPELLING        6.8     02-11-2003       FTD        E
           VOCABULARY      7.5     02-11-2003       FTD        E
   GED     AVERAGE       494.0     04-06-2004       FTD       FAIL      ME
           LANG PROF       0.0     04-06-2004       FTD       IG        ME
           LIT/ARTS      540.0     04-06-2004       FTD       IG        ME
           MATH          480.0     04-06-2004       FTD       IG        ME
           SCIENCE       500.0     04-06-2004       FTD       IG        ME
           SOC STUDY     550.0     04-06-2004       FTD       IG        ME
           STATE HIST      0.0     04-06-2004       FTD       IG        ME
           WRITING       490.0     05-18-2004       FTD       IH        ME




   G0000     TRANSACTION SUCCESSFULLY COMPLETED
```