```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:02-cr-00027 (AHN) |
| | : | |
| BOBBY GUTIERREZ | : | |

### RULING ON MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pending before the court is Bobby Gutierrez's ("Gutierrez") motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

On July 1, 2002, Gutierrez pleaded guilty to possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The plea agreement stipulated that Gutierrez qualified as a career offender under U.S.S.G. § 4B1.1 and that his applicable guideline range was between 151 and 188 months of imprisonment. The parties further stipulated that, while U.S.S.G. § 2D1.1 applied to Gutierrez's offense of conviction, § 4B1.1 trumped that guideline because § 4B1.1 resulted in a higher guideline range. See U.S.S.G. § 4B1.1 (2001). The Probation Department issued a Presentence Report agreeing that the parties' stipulation appropriately applied the guidelines and that Gutierrez's applicable guideline range was between 151 and 188 months of imprisonment. At his sentencing hearing on September 19, 2002, the court adopted the findings in the Presentence Report and sentenced Gutierrez to 151 months and three years of supervised release.

Thereafter, in 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense level applicable to offenses involving crack cocaine. See U.S.S.G. § 1B1.10(c). "Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances." United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing Commission also applied the amendment retroactively.  Thus, defendants who were sentenced under prior versions of § 2D1.1 and who are incarcerated may be eligible for a reduction in their terms of incarceration, effective March 3, 2008.  Id.

Gutierrez moves the court for a reduction in his sentence pursuant to § 3582(c)(2), which permits the court to retroactively reduce a defendant's term of imprisonment where he was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  He argues that by virtue of Amendment 706 he is entitled to a retroactive two-level reduction of his sentence in accordance with the newly amended § 2D1.1.  The court disagrees that Gutierrez is eligible for a reduced sentence as result of Amendment 706.

Section 3582(c)(2) only permits the court to reduce a sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." On December 11, 2007, the Sentencing Commission issued a revised policy statement under U.S.S.G. § 1B1.10 to explain the limitations on relief available under § 3582(c)(2). Section 1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). While Amendment 706 is listed in subsection (c) and therefore may give rise to a sentence reduction pursuant to § 3582(c)(2), the policy statement further advises that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
>
> * * *
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(B).

Based on this policy statement, § 3582(c)(2) does not

-3-

authorize a sentence reduction in Gutierrez's case because § 2D1.1 did not play a role in his guideline calculation. As discussed above, in accordance with Gutierrez's stipulation in his plea agreement, the court sentenced Gutierrez as a career offender pursuant to § 4B1.1. In fact, Gutierrez stipulated in his plea agreement that § 4B1.1, rather than § 2D1.1, would be used to calculate his guidelines range. Thus, because Amendment 706 pertains only to § 2D1.1 calculations and is not applicable to § 4B1.1, § 3582(c)(2) does not authorize a reduction in Gutierrez's sentence. See U.S.S.G. § 1B1.10(a)(2)(B); e.g., United States v. McDougherty, No. CR 88-00504 MMM, 2008 WL 752597, at *4 (C.D. Cal. Mar. 18, 2008) (holding that Amendment 706 is not applicable where the defendant was sentenced as a career offender).

## CONCLUSION

For the foregoing reasons, the court DENIES Gutierrez's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 49].

So ORDERED this 3rd day of April 2008, at Bridgeport, Connecticut.

                                      /s/
                                    Alan H. Nevas
                                    United States District Judge