IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2008 MAY 15 P 12:36

UNITED STATES OF AMERICA,

vs.

Criminal No.3:02cr27(AHN)
Civil No. 3:03cv1622(AHN)

BOBBY GUTIERREZ
_____/

## PETITIONER'S SUPPLEMENT TO HIS REPLY BRIEF

Petitioner Bobby Gutierrez ("Gutierrez"), proceeding pro se, respectfully submit this Supplemental Brief to his Reply brief filed on or around April 18, 2008.

Currently pending before this Court is Gutierrez's Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2). On April 8, 2008 the government submitted its response to Gutierrez's § 3582(c)(2) motion in which it contend that this Court is without authority to amend Gutierrez's current prison sentence in light of Amendment 706 because "[t]he new crack guidelines are inapplicable to [Gutierrez] (who was designated a career offender under § 4B1.1) because they do not reduce [his] sentencing guideline range." (Gov. Resp. at 5). The government premise this contention on the United States Sentencing Commission's revision to Section 1B1.10, which it argues deprive the Court of the authority to extend the benefits of Amendment 706 in Gutierrez's case because of the mandatory nature surrounding the career offender scenario. The government

1

points to 28 U.S.C. § 994(u) as authority to support this contention.

In his Reply brief, Gutierrez argued that this Court is free to reject the Sentencing Commission's revision to § 1B1.10, along with the government's reliance on 28 U.S.C. § 994(u), and in considering Gutierrez's § 3582(c)(2) motion, exercise its discretion and impose a non-guideline prison sentence after considering the factors set forth in 18 U.S.C. § 3553(a).

Because of the legal complexity surrounding Gutierrez's argument, in order to aid the Court in resolving the issue presented in this case, Gutierrez respectfully direct the Court to the case of <u>United States v. Sanchez</u>, 517 F.3d 651 (2nd Cir. 2008). There, the issue presented was whether § 994(h) deprived a district court of the authority to impose upon a career offender "a non-Guideline sentence or a Guideline departure sentence at, or near, the **statutory minimum**." <u>Sanchez</u>, 517 F.3d at 666. (emphasis added). After confronting the question whether the district court is **required**, pursuant to 28 U.S.C. § 994(h), to sentence a career offender at or near the maximum penalty for the current offense, the Second Circuit, in deciding <u>Sanchez</u>, supra, held that "Congress did not intend § 994(u) to deprive the courts of authority to impose on a career offender a prison term that is not near the statutory maximum." Id. at 665. The court also observed that "Section 994(h)..., by its terms, is a direction to the Sentencing Commission, not to the courts, and it finds no express analog in Title 18 or Title 21." Id., at 663. The court then went on to state that "[w]hile 21

U.S.C. § 841(b) expressly establishes the minimum and maximum prison terms that the court is allowed to impose for violations of § 841(a), there is no statutory provision instructing the court to sentence a career offender at or near the statutory maximum." Id., at 663.

In Gutierrez's case, the government, in its response to Gutierrez's § 3582(c)(2) motion, contends that because Gutierrez was sentenced as a career offender, his offense level of 32, in light of Amendment 706, "remains exactly what it was at the time of sentencing." (Gov. Resp. at 8). In considering the persuasive nature of the Second Circuit's holding in Sanchez, supra, Gutierrez respectfully urge this Court to reject the government's contention and proceed with exercising its discretion whether he should be granted the relief he seeks pursuant to Amendment 706.

As Gutierrez argued in his motion, the Guidelines, their commentary, and the Sentencing Commission's policy statements remain advisory under United States v. Booker, 543 U.S. 220, 245 (2005). And as the Ninth Circuit observed in United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) after addressing whether the policy statement set forth in U.S.S.G. § 1B1.10 (Nov. 2000) preclude a district court from "go[ing] below the Guidelines' minimum when modifying a sentence under § 3582(c)(2)," the Ninth Circuit held that it did not, and if it did, it "must be void" under Booker. Hicks, supra, 472 F.3d at 1172-73; Cf. Kimbrough v. United States, 128 S.Ct. 558, 570 (2008) ("the Guidelines 'are now advisory, ..., courts may vary [from the Guideline

range] based solely on policy considerations, including disagreements with the Guidelines"); Hicks, supra (acknowledging that Booker vested sentencing judges with the discretion to disagree with not only a specific sentencing guideline, but with the Sentencing Commission's policy statements as well).

**WHEREFORE**, based on the foregoing, Gutierrez respectfully request that this Honorable Court reject the government's contention that he is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 706, and grant his motion seeking a reduction in his sentence of 151 months.

Respectfully submitted,

Dated: May 12, 2008.

Bobby Gutierrez (pro se)
Register No. 14560-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701

4

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached PETITIONER'S SUPPLEMENT TO HIS REPLY BRIEF was sent via First Class mail on this 12 day of May, 2008, to the following attorney for the government:

Rahul Kale
Assistant U.S. Attorney
915 Lafayette Blvd.
Bridgeport, CT 06604


Bobby Gutierrez (pro se)
Register No. 14560-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701